Lisa M. Martens (SBN 195824)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099
E-mail: martens@fr.com

Attorneys for Defendants and
Counterclaim-Plaintiffs EVOLUTION FRESH, INC.
and STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLUTION FAST FOODS, LLC, a California limited liability company, MITCH C. WALLIS,<br><br>        Plaintiffs and<br>        Counterclaim-Defendants,<br><br>   v.<br><br>EVOLUTION FRESH, INC., a Delaware corporation, STARBUCKS CORPORATION, a Washington corporation,<br><br>        Defendants and<br>        Counterclaim-Plaintiffs,<br><br>and DOES 1-20, inclusive,<br><br>        Defendants. | Case No. 3:12-cv-2003-JAH (WVG)<br><br>**ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, CONTRIBUTORY INFRINGEMENT, AND UNFAIR COMPETITION; COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER

Defendants Evolution Fresh, Inc. ("Evolution Fresh") and Starbucks Corporation

("Starbucks") (collectively, "Defendants"), by their undersigned attorneys, answer the First

Amended Complaint ("FAC") of Plaintiffs Evolution Fast Foods, LLC ("Evolution Fast Foods" )

and Mitch C. Wallis ("Wallis") (collectively, "Plaintiffs"), as set forth below. The Answer's

paragraphs are numbered to correspond to the numbered paragraphs of the FAC. Except as expressly admitted below, Defendants deny the allegations and characterizations in the FAC.

## THE PARTIES

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the FAC and therefore deny the same.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the FAC and therefore deny the same.

3.     Defendants admit the allegations contained in Paragraph 3 of the FAC.

4.     In response to Paragraph 4 of the FAC, Defendants admit that Starbucks is a corporation formed in accordance with the laws of the State of Washington and that it is headquartered in the State of Washington. Defendants deny that Starbucks operates in more than 19,000 retail stores, but admit that it operates in at least 58 countries.

5.     Paragraph 5 of the FAC contains no factual allegations, and therefore no answer is necessary. On that basis, Defendants deny Paragraph 5 of the FAC.

## JURISDICTION AND VENUE

6.     In response to Paragraph 6 of the FAC, Defendants admit that the FAC purports to state causes of action that arise under the trademark laws of the United States, 15 U.S.C. §§ 1072, 1114(1)(5), 1115, 1116, 1117, 1118 [Lanham Act §§ 22, 32, 33, 34, 35, 36] and the federal unfair competition laws of the United States, 15 U.S.C. §§ 1125(a), 1118 [Lanham Act §§ 43(a), 36], but deny that there is any basis for such claims. Defendants admit that Plaintiffs allege subject-matter jurisdiction under 28 U.S.C. § 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a), but deny that there is any basis for such claims.

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 7 of the FAC and therefore deny the same. Defendants admit that they have maintained, and continue to maintain, a

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

Case No. 3:12-cv-2003-JAH (WVG)

website located at the URL *www.evolutionfresh.com* to advertise and sell products and services. Defendants admit that Evolution Fresh has sold products to retail stores located within the territory of the United States District Court for the Southern District of California. Defendants further admit that Starbucks owns and operates retail locations under its STARBUCKS brand within the territory of the United States District Court for the Southern District of California.

## FACTS COMMON TO ALL ACOUNTS [*sic*]

### Plaintiffs and their EVOLUTION FAST FOOD Business

8. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the FAC and therefore deny the same.

9. Defendants admit that Plaintiff Evolution Fast Foods is located in San Diego, California, but are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 9 of the FAC and therefore deny the same.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the FAC and therefore deny the same.

11. In response to Paragraph 11 of the FAC, Defendants admit that Plaintiff Wallis is the listed owner of record for Registration No. 3,957,413 for the mark "EVOLUTION FAST FOOD" and that the date of registration, description of services, and International Class alleged in Paragraph 11 of the FAC match the date of registration, description of services, and International Class set forth in the foregoing Registration No. 3,957,413 (the "Asserted Trademark Registration"). Defendants admit that a copy of the Asserted Trademark Registration is attached as Exhibit 1 to the FAC.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the FAC and therefore deny the same.

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

3

Case No. 3:12-cv-2003-JAH (WVG)

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the FAC and therefore deny the same.

14.     Defendants admit that Exhibit 2 attached to the FAC includes a screenshot of a website depicting the mark EVOLUTION FAST FOOD, but are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 14 of the FAC and therefore deny the same.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the FAC and therefore deny the same.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the FAC and therefore deny the same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the FAC and therefore deny the same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the FAC and therefore deny the same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the FAC and therefore deny the same.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the FAC and therefore deny the same.

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

4

Case No. 3:12-cv-2003-JAH (WVG)

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the FAC and therefore deny the same.

## Defendants and Their EVOLUTION FRESH Business

22.     Defendants deny that Juice Harvest Corporation is an unknown legal entity, but admit that Juice Harvest Corporation had a principal place of business of 1055 Cooley Ave, San Bernardino, California.

23.     Defendants admit the allegations contained in Paragraph 23 of the FAC.

24.     Defendants admit the allegations contained in Paragraph 24 of the FAC.

25.     Defendants admit the allegations contained in Paragraph 25 of the FAC.

26.     In response to Paragraph 26 of the FAC, Defendants admit that on or about May 14, 2010, Juice Harvest Corporation assigned its entire interest in all of the registered trademarks, identified in Paragraphs 22 [*sic - 24*] through 23 [*sic - 25*] of the FAC to Evolution Fresh.

27.     Defendants admit the allegations contained in Paragraph 27 of the FAC.

28.     Defendants admit the allegations contained in Paragraph 28 of the FAC.

29.     In response to Paragraph 29 of the FAC, Defendants admit that health and wellness are foundations of the EVOLUTION FRESH brand.

30.     In response to Paragraph 30 of the FAC, Defendants admit that Evolution Fresh opened retail stores operating under the name EVOLUTION FRESH, which sell juice and food products, including vegetarian and vegan foods as well as non-vegetarian and non-vegan foods. Defendants deny the remaining allegations in Paragraph 30 of the FAC.

31.     In response to Paragraph 31 of the FAC, Defendants admit that on March 19, 2012, Evolution Fresh opened a first retail store in Bellevue, Washington under the name EVOLUTION FRESH (hereinafter, the "Bellevue Store").

32.     In response to Paragraph 32 of the FAC, Defendants admit that on July 20, 2012, Evolution Fresh opened a retail store in Seattle, Washington under the name EVOLUTION FRESH (hereinafter the "Seattle Store").

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

5

Case No. 3:12-cv-2003-JAH (WVG)

33.     In response to Paragraph 33 of the FAC, Defendants admit that the Bellevue Store and the Seattle Store each offer a variety of juice and food options, including vegetarian and vegan options as well as non-vegetarian and non-vegan options. However, Defendants deny that Evolution Fresh's store offerings directly compete with Plaintiffs' restaurant offerings.

34.     In response to Paragraph 34 of the FAC, Defendants admit that Evolution Fresh plans to open additional retail stores under the name EVOLUTION FRESH in the future.

35.     In response to Paragraph 35 of the FAC, Defendants admit that Evolution Fresh adopted a new logo bearing the words "EVOLUTION FRESH" on or around March 2012. Defendants deny the remaining allegations in Paragraph 35 of the FAC.

36.     Defendants admit the allegations contained in Paragraph 36 of the FAC.

37.     Defendants admit the allegations contained in Paragraph 37 of the FAC.

38.     Defendants admit that Evolution Fresh intends to open other EVOLUTION FRESH stores, including in California, but deny the remaining allegations contained in Paragraph 38 of the FAC.

39.     In response to Paragraph 39 of the FAC, Defendants admit that Evolution Fresh advertises and promotes the EVOLUTION FRESH mark using the website *www.evolutionfresh.com* in connection with the juice products sold by Evolution Fresh and the Bellevue Store and Seattle Store. Defendants further admit that a copy of a portion of Evolution Fresh's website is attached as Exhibit 3 to the FAC.

40.     Defendants admit the allegations contained in Paragraph 40 of the FAC.

41.     In response to Paragraph 41 of the FAC, Defendants admit that Starbucks executives are principally responsible for management over certain aspects of the EVOLUTION FRESH brand name. Defendants deny the remaining allegations in Paragraph 41 of the FAC.

42.     Defendants admit the allegations contained in Paragraph 42 of the FAC.

43.     Defendants deny the allegations contained in Paragraph 43 of the FAC.

44.     Defendants deny the allegations contained in Paragraph 44 of the FAC.

ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, CONTRIBUTORY INFRINGEMENT, AND UNFAIR COMPETITION; COUNTERCLAIMS

6

Case No. 3:12-cv-2003-JAH (WVG)

45. Defendants admit that Evolution Fresh filed a trademark application for federal registration of the EVOLUTION FRESH mark on May 4, 2012, seeking registration in connection with the goods and services listed in Application Serial No. 85/616,927. Defendants deny the remaining allegations in Paragraph 45 of the FAC.

**Similarities Between Plaintiffs' and Defendants' EVOLUTION logos**

46. In response to Paragraph 46 of the FAC, Defendants admit that Plaintiffs' EVOLUTION FAST FOOD logo, as depicted in Exhibit 5 to the FAC, includes the words "EVOLUTION" and "FAST FOOD" displayed in different-sized fonts but deny the remaining allegations in Paragraph 46 of the FAC.

47. In response to Paragraph 47 of the FAC, Defendants admit that Evolution Fresh's EVOLUTION FRESH logo, as depicted in Exhibit 5 to the FAC, includes the words "EVOLUTION" and "FRESH" displayed in different-sized fonts, but deny the remaining allegations in Paragraph 47 of the FAC.

48. In response to Paragraph 48 of the FAC, Defendants admit that Plaintiffs' EVOLUTION FAST FOOD logo, as depicted in Exhibit 5 to the FAC, includes the words "EVOLUTION" and "FAST FOOD," wherein "FAST FOOD" appears below the word "EVOLUTION," in the center. Defendants deny the remaining allegations in Paragraph 48 of the FAC.

49. In response to Paragraph 49 of the FAC, Defendants admit that Evolution Fresh's EVOLUTION FRESH logo, as depicted in Exhibit 5 to the FAC, includes the words "EVOLUTION" and "FRESH," wherein "FRESH" appears below the word "EVOLUTION," to the far right. Defendants deny the remaining allegations in Paragraph 49 of the FAC.

50. In response to Paragraph 50 of the FAC, Defendants admit that Plaintiffs' EVOLUTION FAST FOOD logo, as depicted in Exhibit 5 to the FAC, includes the words "EVOLUTION" and "FAST FOOD," wherein the letters "e," "o," "l," "u," "t," "i," and "n." appear to be in lower case letters and the words "FAST FOOD" appears in capital letters. Defendants deny the remaining allegations in Paragraph 50 of the FAC.

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

7

Case No. 3:12-cv-2003-JAH (WVG)

51.     In response to Paragraph 51 of the FAC, Defendants admit that Evolution Fresh's EVOLUTION FRESH logo, as depicted in Exhibit 5 to the FAC, includes the words "EVOLUTION" and "FRESH," wherein "EVOLUTION" appears in lower case letters and "FRESH" appears in capital letters.

52.     In response to Paragraph 52 of the FAC, Defendants admit that Plaintiffs' EVOLUTION FAST FOOD logo, as depicted in Exhibit 5 to the FAC, begins with a lower case letter "e."

53.     In response to Paragraph 53 of the FAC, Defendants admit that Evolution Fresh's EVOLUTION FRESH logo, as depicted in Exhibit 5 to the FAC, begins with a lower case letter "e."

54.     In response to Paragraph 54 of the FAC, Defendants admit Exhibit 5 to the FAC shows Evolution Fresh's EVOLUTION FRESH logo and that Exhibit 5 to the FAC shows what Plaintiffs purport to be Plaintiffs' EVOLUTION FAST FOOD logo.

### CLAIM FOR RELIEF, COUNT I

Federal Trademark Infringement (15 U.S.C. § 1114 – Section 32 of Lanham Act)

55.     Defendants incorporate herein by reference their responses to each and every allegation in the preceding paragraphs.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the FAC and therefore deny the same.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the FAC and therefore deny the same.

58.     In response to Paragraph 58 of the FAC, Defendants admit that Evolution Fresh adopted the mark EVOLUTION FRESH, and has used it in connection with the operations of its Bellevue Store and Seattle Store, but deny that it is confusingly similar to Plaintiffs' EVOLUTION FAST FOOD mark.

ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, CONTRIBUTORY INFRINGEMENT, AND UNFAIR COMPETITION; COUNTERCLAIMS

8

Case No. 3:12-cv-2003-JAH (WVG)

59.     Defendants admit the allegations contained in Paragraph 59 of the FAC.

60.     Defendants deny the allegations contained in Paragraph 60 of the FAC.

61.     Defendants deny the allegations contained in Paragraph 61 of the FAC.

62.     In response to Paragraph 62 of the FAC, Defendants admit that Evolution Fresh's Bellevue Store and Seattle Store offer beverages and food, including vegan and vegetarian offerings as well as non-vegan and non-vegetarian offerings, but deny that Evolution Fresh's store offerings are similar to foods and beverages sold at Plaintiffs' restaurant.

63.     In response to Paragraph 63 of the FAC, Defendants admit that Evolution Fresh's Bellevue Store and Seattle Store may have consumers in the health and wellness industry, but deny that they particularly target consumers following vegetarian and vegan lifestyles. As to the remaining allegations of Paragraph 63, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny the same.

64.     Defendants deny the allegations contained in Paragraph 64 of the FAC.

65.     Defendants deny the allegations contained in Paragraph 65 of the FAC.

66.     Defendants deny the allegations contained in Paragraph 66 of the FAC.

67.     Defendants deny the allegations contained in Paragraph 67 of the FAC.

68.     Defendants deny the allegations contained in Paragraph 68 of the FAC.

69.     In response to Paragraph 69 of the FAC, Defendants admit that Evolution Fresh's use of the EVOLUTION mark was without Plaintiffs' prior knowledge, permission, or consent, but deny that such prior knowledge, permission, or consent was required prior to its use of the EVOLUTION mark and further deny that such use violates Plaintiffs' federal trademark rights.

70.     Defendants deny the allegations contained in Paragraph 70 of the FAC.

## CLAIM FOR RELIEF, COUNT II

### Contributory Infringement

71.     Defendants incorporate herein by reference their responses to each and every allegation in the preceding paragraphs.

72.     Defendants deny the allegations contained in Paragraph 72 of the FAC.

73.     In response to Paragraph 73 of the FAC, Defendants admit that Starbucks executives are principally responsible for management over certain aspects of Evolution Fresh's business activities.

74.     Defendants deny the allegations contained in Paragraph 74 of the FAC.

75.     Defendants deny the allegations contained in Paragraph 75 of the FAC.

76.     Defendants deny the allegations contained in Paragraph 76 of the FAC.

77.     Defendants deny the allegations contained in Paragraph 77 of the FAC.

78.     Defendants deny the allegations contained in Paragraph 78 of the FAC.

## CLAIM FOR RELIEF, COUNT III

### Unfair Competition (15 U.S.C. § 1125 – Section 43(a) of the Lanham Act)

79.     Defendants incorporate herein by reference their responses to each and every allegation in the preceding paragraphs.

80.     In response to Paragraph 80 of the FAC, Defendants admit that Evolution Fresh adopted the mark EVOLUTION FRESH, and have used it in connection with the operations of its Bellevue Store and Seattle Store, but deny that it is confusingly similar to Plaintiffs' EVOLUTION FAST FOOD mark.

81.     Defendants deny the allegations contained in Paragraph 81 of the FAC.

82.     Defendants deny the allegations contained in Paragraph 82 of the FAC.

83.     Defendants deny the allegations contained in Paragraph 83 of the FAC.

84.     Defendants deny the allegations contained in Paragraph 84 of the FAC.

85.     Defendants deny the allegations contained in Paragraph 85 of the FAC.

86.     Defendants deny the allegations contained in Paragraph 86 of the FAC.

87.     Defendants deny the allegations contained in Paragraph 87 of the FAC.

88.     Defendants deny the allegations contained in Paragraph 88 of the FAC.

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

10

Case No. 3:12-cv-2003-JAH (WVG)

## RESPONSE TO PRAYER FOR RELIF

In response to Plaintiffs' Prayer for Relief, Defendants deny that Plaintiffs are entitled to any relief whatsoever and request that the Court enter judgment in Defendants' favor on all counts and award Defendants their reasonable costs and attorneys' fees and any further relief as the Court may deem appropriate.

## DEFENDANTS' DEFENSES

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Evolution Fresh's trademark rights are senior to Plaintiffs' rights, if any.

### SECOND DEFENSE

Plaintiffs' claims are barred by the doctrines of acquiescence, waiver, consent, laches and/or estoppel.

Defendants reserve their right to amend their Answer and Defenses with any further response or defense it may discover over the course of this litigation as further information is obtained.

### JURY DEMAND

Defendants respectfully demand trial by jury of all issues so triable in this matter.

### DEFENDANTS' COUNTERCLAIMS

Defendants Evolution Fresh, Inc. ("Evolution Fresh") and Starbucks Corporation ("Starbucks") (collectively, "Defendants" or "Counterclaim-Plaintiffs"), by their undersigned attorneys, assert these Counterclaims against Plaintiffs Evolution Fast Foods, LLC ("Evolution Fast Foods" ) and Mitch C. Wallis ("Wallis") (collectively, "Plaintiffs" or "Counterclaim-Defendants") as follows:

### PARTIES

1.       Defendant and Counterclaim-Plaintiff Evolution Fresh is a corporation formed in accordance with the laws of the State of Delaware, having a principal place of business at 1055 Cooley Avenue, San Bernardino, California 92408.

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

11

Case No. 3:12-cv-2003-JAH (WVG)

2. Defendant and Counterclaim-Plaintiff Starbucks is a corporation formed in accordance with the laws of the State of Washington, having a principal place of business at 2401 Utah Avenue South, Seattle, Washington 98134.

3. Upon information and belief, Plaintiff and Counterclaim-Defendant Evolution Fast Foods is a limited liability company formed in accordance with the laws of the State of California, having a principal place of business at 3657 Vermont Street, San Diego, California 92103.

4. Upon information and belief, Plaintiff and Counterclaim-Defendant Wallis is an individual residing in San Diego, California.

## NATURE OF THE ACTION

5. This action by Counterclaim-Plaintiffs against Counterclaim-Defendants seeks permanent injunctive relief and damages under Sections 32(1) and 43(a) of the Lanham Act of 1946, as amended ("Lanham Act"), 15 U.S.C. §§ 1114(1) and 1125(a), cancellation of Counterclaim-Defendants' ill-gotten trademark registration for EVOLUTION FAST FOOD under 15 U.S.C. § 1119, the transfer of the *www.evolutionfastfood.com* domain name under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and permanent injunctive relief and damages under the statutory and common laws of the State of California.

6. Evolution Fresh is a health and wellness company that produces and distributes super-premium fruit and vegetable juices to retail grocery channels, and the owner of all rights, title, and interest in and to the trademarks EVOLUTION, EVOLUTION & Design, and JUICE EVOLUTION in connection with fresh fruits, fresh vegetables, fruit drinks, fruit juices, mixed fruit juice, and vegetable juices, generally, with rights dating back to 1997 (hereinafter, the foregoing marks will be referred to as the "EVOLUTION Marks," while the goods associated therewith will be referred to as the "EVOLUTION Goods.")

7. Evolution Fresh is also the owner of all rights, title, and interest in and to the trademarks and trade name EVOLUTION FRESH and EVOLUTION FRESH Stylized in connection with various goods and services in Classes 5, 29, 30, 31, 32, 35, and 43, including for café, snack bar, restaurant, and catering services generally (hereinafter, the foregoing marks will

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

Case No. 3:12-cv-2003-JAH (WVG)

1   be referred to as the "EVOLUTION FRESH Marks," while the café, snack bar, restaurant, and

2   catering services will be referred to as the "EVOLUTION FRESH Services.")

3       8.      In November 2011, Starbucks acquired Evolution Fresh and now holds Evolution

4   Fresh as a subsidiary company.

5       9.      Counterclaim-Defendant Wallis applied for and registered, and Counterclaim-

6   Defendant Evolution Fast Foods began using, EVOLUTION FAST FOOD as a service mark and

7   trade name in connection with café and restaurant services long after Evolution Fresh acquired

8   rights to the EVOLUTION Marks.  Not only is Counterclaim-Defendants' EVOLUTION FAST

9   FOOD service mark and trade name confusingly similar to Evolution Fresh's EVOLUTION and

10  EVOLUTION FRESH Marks, but Counterclaim-Defendants also use it in connection with

11  services that are closely and naturally related to the EVOLUTION Goods, and identical or nearly

12  identical to the EVOLUTION FRESH Services.

13      10.     Unless the Court enjoins Counterclaim-Defendants from their continued use of the

14  EVOLUTION FAST FOOD service mark and trade name, cancels their registration for the

15  EVOLUTION FAST FOOD mark, and orders transfer of the *www.evolutionfastfood.com* domain

16  name to Evolution Fresh, the EVOLUTION and EVOLUTION FRESH Marks will continue to be

17  infringed, to the detriment of Counterclaim-Plaintiffs and the public.

18                          **JURISDICTION AND VENUE**

19      11.     The Court has subject matter jurisdiction over this action under Sections 1331

20  (federal question jurisdiction), 1338(a) (trademark infringement and unfair competition), and

21  1338(b) and 1367(a) (supplemental jurisdiction over claims arising under California's statutory

22  and common laws) of the United States Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a),

23  and under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a).

24      12.     Upon information and belief, the Court has personal jurisdiction over

25  Counterclaim-Defendant Evolution Fast Foods because it is incorporated in the State of California

26  and its principal place of business is located in the State of California.  In addition, the claims

27

28

1  alleged herein arise from Evolution Fast Foods' acts in the State of California, and Evolution Fast

2  Foods' acts have damaged Counterclaim-Plaintiffs in the State of California.

3          13.     Upon information and belief, the Court has personal jurisdiction over

4  Counterclaim-Defendant Wallis because he resides in the State of California.  In addition, the

5  claims alleged herein arise from Wallis' acts in the State of California, and Wallis' acts have

6  damaged Counterclaim-Plaintiffs in the State of California.

7          14.     Upon information and belief, venue is proper in this judicial district under Sections

8  1391(b)(1) and 1391(b)(2) of the United States Code, 28 U.S.C. § 1391(b)(1) and 1391(b)(2).

9                                      **BACKGROUND**

10                   **Evolution Fresh and Its Valuable Trademark Rights**

11         15.     Evolution Fresh is a premier health and wellness company that produces and

12  distributes super-premium fruit and vegetable juices to retail grocery channels.  Evolution Fresh is

13  well recognized today by consumers as a source of health beverages and foods, including fresh

14  fruit and vegetable juices created through a heat-free, high-pressure pasteurization process that

15  retains more of the nutrients in its products compared to conventional heat pasteurization.

16         16.     Juice Harvest Corporation ("Juice Harvest") began producing and distributing

17  super-premium fruit and vegetable juices to retail grocery channels in 1997.  Juice Harvest applied

18  to register and registered the EVOLUTION Marks.  On May 14, 2010, Juice Harvest executed an

19  assignment agreement, whereby Juice Harvest assigned its entire right, title, and interest in the

20  EVOLUTION Marks to Evolution Fresh, which was duly recorded with the USPTO on May 26,

21  2010.

22

23         17.     Evolution Fresh owns proper rights in the EVOLUTION Marks and EVOLUTION

24  trade name in connection with its fresh fruit and vegetable juices, dating back to 1997.  Since

25  acquiring rights in the EVOLUTION Marks, Evolution Fresh has used the EVOLUTION Marks

26  and trade name continuously in commerce in the United States in connection with its products.

27         18.     Since 1997, Evolution Fresh and/or its predecessor in interest, Juice Harvest, has

28  been selling products and services continuously under and in connection with the EVOLUTION

Marks, and has continuously advertised and promoted its products and services under and in connection with the EVOLUTION Marks.

19. Evolution Fresh advertises, offers, and distributes its products and services under and in connection with the EVOLUTION and EVOLUTION FRESH Marks and trade name to consumers throughout the United States.

20. The EVOLUTION and EVOLUTION FRESH Marks have been prominently featured in Evolution Fresh's advertising and promotional materials. As an example, a snapshot of Evolution Fresh's website displaying the EVOLUTION FRESH Marks and trade name is depicted below:



21. Evolution Fresh has received press recognizing the high-quality products it offers and distributes under and in connection with the EVOLUTION and EVOLUTION FRESH Marks.

22. Juice Harvest registered and used the *www.evolutionfresh.com* domain name since November 14, 2001 in connection with the advertising and offering of its fresh juice products under and in connection with the EVOLUTION Marks. In 2010, Evolution Fresh acquired rights in the *www.evolutionfresh.com* domain from Juice Harvest, and Evolution Fresh has since

ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, CONTRIBUTORY INFRINGEMENT, AND UNFAIR COMPETITION; COUNTERCLAIMS

Case No. 3:12-cv-2003-JAH (WVG)

continued to use the domain name in connection with the advertising and offering of its fresh juice products under and in connection with the EVOLUTION Marks. The current WHOIS record for the foregoing domain is annexed hereto as **Exhibit 1**.

23. Because of Evolution Fresh's long use and extensive advertising and promotion of the EVOLUTION Marks, it has come to be and is now recognized and relied upon by the trade and public as identifying the goods of Evolution Fresh and distinguishing them from others.

24. In addition to its longstanding common law rights in the EVOLUTION Marks, Evolution fresh owns United States trademark registrations for EVOLUTION, Reg. Nos. 3,774,725 and 3,774,723; EVOLUTION & Design, Reg. Nos. 3,774,726 and 3,774,724; and JUICE EVOLUTION, Reg. No. 2,196,497, in connection with fresh fruits, fresh vegetables, fruit drinks, fruit juices, mixed fruit juice, and vegetable juices generally. Annexed hereto as **Exhibit 2** are true and correct copies of the foregoing Certificates of Registration.

25. The registrations associated with the EVOLUTION Marks annexed hereto as **Exhibit 2** have all reached incontestable status and are in full force and effect.

26. Evolution Fresh also owns United States trademark applications for EVOLUTION FRESH, Ser. No. 85/616,927, and EVOLUTION FRESH Stylized, Ser. Nos. 85/731,331 and 85/732,459, in connection with various goods and services in Classes 5, 29, 30, 31, 32, 35, and 43, including for café, snack bar, restaurant, and catering services generally. Annexed hereto as **Exhibit 3** are true and correct copies of printouts from the United States Patent and Trademark Office's website for the foregoing trademark applications.

27. The EVOLUTION and EVOLUTION FRESH Marks are distinctive and represent a valuable goodwill and reputation belonging exclusively to Evolution Fresh.

28. Starbucks acquired Evolution Fresh and now holds Evolution Fresh as a subsidiary company, such that Starbucks has an interest in protecting Evolution Fresh's intellectual property rights.

ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, CONTRIBUTORY INFRINGEMENT, AND UNFAIR COMPETITION; COUNTERCLAIMS

16

Case No. 3:12-cv-2003-JAH (WVG)

**Counterclaim-Defendants' Wrongful Conduct**

29.     Upon information and belief, Counterclaim-Defendant Wallis is Co-Founder and Manager of Counterclaim-Defendant Evolution Fast Foods, and all actions taken by Wallis with regard to the service mark and trade name EVOLUTION FAST FOOD were done on behalf of or in furtherance of Evolution Fast Foods.

30.     Upon information and belief, Counterclaim-Defendants first filed for status as a limited liability company in the State of California on or about December 21, 2009.  Annexed hereto as **Exhibit 4** is a true and correct screenshot from the Secretary of State's website showing the date on which Evolution Fast Foods filed for limited liability company status.  As shown in **Exhibit 4**, Counterclaim-Defendant Wallis was the Agent for Service of Process of Evolution Fast Foods, LLC.

31.     Upon information and belief, on September 7, 2010, Wallis applied to register the mark EVOLUTION FAST FOOD in connection with café and restaurant services on behalf of or in furtherance of Evolution Fast Foods.  The mark registered on May 10, 2011 under Reg. No. 3,957,413.  Annexed hereto as **Exhibit 5** is a true and correct copy of the foregoing Certificate of Registration.  Upon further information and belief, the EVOLUTION FAST FOOD service mark and trade name was first used in commerce in connection with café and restaurant services on or about April 20, 2010.

32.     Upon information and belief, Wallis and Evolution Fast Foods entered into an exclusive license agreement whereby Wallis gave Evolution Fast Foods the right to use the EVOLUTION FAST FOOD service mark in connection with café and restaurant services.

33.     Upon information and belief, Wallis registered the *www.evolutionfastfood.com* domain name on January 1, 2010 on behalf of Evolution Fast Foods, which has used the *www.evolutionfastfood.com* domain name in connection with the advertising of its café and restaurant services under and in connection with the EVOLUTION FAST FOOD service mark and trade name.  Annexed hereto as **Exhibit 6** is a true and correct copy of the WHOIS record for the *www.evolutionfastfood.com* domain name showing the date on which Wallis registered it.

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

Case No. 3:12-cv-2003-JAH (WVG)

34. Upon information and belief, Evolution Fast Foods advertises and offers its café and restaurant services to consumers in San Diego, California.

35. Upon information and belief, Counterclaim-Defendants first adopted and began use of EVOLUTION FAST FOOD long after Evolution Fresh and/or its predecessor in interest began using the EVOLUTION Marks.

36. Counterclaim-Defendants' use of the EVOLUTION FAST FOOD service mark and trade name is likely to cause confusion as to whether their services originate from or are somehow sponsored or endorsed by or affiliated with Evolution Fresh.

37. Counterclaim-Defendants use the EVOLUTION FAST FOOD service mark and trade name in connection with services that are closely and naturally related to the EVOLUTION Goods, and identical to the EVOLUTION FRESH Services.

38. Evolution Fresh never consented to or authorized Counterclaim-Defendants' use of the EVOLUTION FAST FOOD service mark and trade name.

39. Upon information and belief, Counterclaim-Defendants' services advertised, offered, and rendered under the EVOLUTION FAST FOOD service mark and trade name are directed to the same or similar consumers of Evolution Fresh's goods and services, and through the same or similar channels of trade as are used by Evolution Fresh to advertise, offer, and render its services under the EVOLUTION and EVOLUTION FRESH Marks.

40. Counterclaim-Defendants' use of the EVOLUTION FAST FOOD service mark and trade name is with disregard to Evolution Fresh's rights.

41. Counterclaim-Defendants' conduct constitutes an ongoing threat to Counterclaim-Plaintiffs and the public. Counterclaim-Plaintiffs have suffered and will continue to suffer irreparable injury as a result of Counterclaim-Defendants' conduct, which injury is not compensable by monetary damages. Unless Counterclaim-Defendants are restrained and enjoined from engaging in their infringing conduct, Counterclaim-Plaintiffs will continue to suffer irreparable injury.

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

18

Case No. 3:12-cv-2003-JAH (WVG)

## **FIRST CAUSE OF ACTION**

### Trademark and Service Mark Infringement in Violation of 15 U.S.C. § 1114(1)

42.     Counterclaim-Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

43.     Long before Counterclaim-Defendants adopted and used the EVOLUTION FAST FOOD service mark and trade name, Counterclaim-Defendants had either actual notice and knowledge or constructive notice (pursuant to 15 U.S.C. §1072) of Evolution Fresh's ownership and registration of the EVOLUTION Marks.

44.     Upon information and belief, Counterclaim-Defendants' advertising, offering, and rendering of café and restaurant services under the EVOLUTION FAST FOOD service mark and trade name is an attempt to trade off of the goodwill, reputation, and selling power established by Evolution Fresh under the EVOLUTION Marks, and is an attempt to create a false impression of association with Evolution Fresh.

45.     Upon information and belief, Counterclaim-Defendants' continued advertising, offering, and rendering of café and restaurant services under the EVOLUTION FAST FOOD service mark and trade name and the *www.evolutionfastfood.com* domain name is a deliberate and willful attempt to trade off of the goodwill reputation, and selling power established by Evolution Fresh under the EVOLUTION Marks, and is a deliberate and willful attempt to create a false impression of association with Evolution Fresh.

46.     Upon information and belief, Counterclaim-Defendants' services advertised, offered, and rendered under the EVOLUTION FAST FOOD service mark and trade name move through the same or similar channels of trade, and are offered and/or rendered through the same or similar channels of distribution and to the same or similar consumer groups as the services that are offered and rendered by Evolution Fresh under the EVOLUTION and EVOLUTION FRESH Marks.

47.     Counterclaim-Defendants' continued unauthorized use of the EVOLUTION FAST FOOD service mark and trade name is also likely to cause consumers to be confused as to the

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

Case No. 3:12-cv-2003-JAH (WVG)

source, nature, and quality of the services that Counterclaim-Defendants offer and render in connection with the EVOLUTION FAST FOOD service mark and trade name.

48.     Counterclaim-Defendants' continued unauthorized use of the term EVOLUTION as the primary and dominant element of their trade name and service mark will falsely indicate to consumers that their services originate from or are in some manner connected with, sponsored by, affiliated with, or related to Evolution Fresh, and/or the services offered and rendered by Evolution Fresh.

49.     Counterclaim-Defendants' continued unauthorized use of the EVOLUTION FAST FOOD service mark and trade name facilitates the acceptance of Evolution Fast Foods' services throughout the marketplace, not based on the quality of the services provided by Evolution Fast Foods, but on the association that the public is likely to make with Evolution Fresh and the reputation and goodwill associated with Evolution Fresh's goods and services.

50.     Counterclaim-Defendants' unauthorized use of the EVOLUTION FAST FOOD service mark and trade name deprives Evolution Fresh of the ability to control the quality of the services marketed under the trade name and service mark, and instead, places Evolution Fresh's valuable reputation and goodwill into the hands of Counterclaim-Defendants, over whom Evolution Fresh has no control.

51.     The conduct of Counterclaim-Defendants alleged herein is likely to cause confusion or mistake or to deceive consumers or potential consumers wishing to purchase Evolution Fresh's goods or use Evolution Fresh's services and is also likely to confuse consumers as to an affiliation between Evolution Fresh and Counterclaim-Defendant.

52.     Counterclaim-Defendants' conduct alleged herein constitutes federal trademark infringement in violation of Section 1114(1) of the Lanham Act, 15 U.S.C. § 1114.

53.     Counterclaim-Plaintiffs have been, are now, and will be harmed irreparably by Counterclaim-Defendants' conduct alleged herein, and unless enjoined by the Court, Counterclaim-Defendants will continue to infringe upon the EVOLUTION and EVOLUTION

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

20

Case No. 3:12-cv-2003-JAH (WVG)

FRESH Marks. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

54. As a direct and proximate result of Counterclaim-Defendants' infringing conduct, Counterclaim-Plaintiffs have suffered and will continue to suffer irreparable injury to their business reputation and goodwill for which no adequate remedy exists at law.

55. Counterclaim-Defendants' conduct alleged herein is knowing, willful, and deliberate, entitling Counterclaim-Plaintiffs to an accounting of any of Counterclaim-Defendants' profits, increased damages, and an award of its attorneys' fees and costs incurred in prosecuting this action under Section 1117 of the Lanham Act, 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

Trademark and Service Mark Infringement, Unfair Competition, and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

56. Counterclaim-Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

57. Counterclaim-Plaintiffs are informed and believe that Counterclaim-Defendants chose the trade name and service mark EVOLUTION FAST FOOD, and took the other actions alleged herein, to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association or approval of their goods and services, deliberately to pass off their goods and services as those of Evolution Fresh, and/or to falsely imply an association with Evolution Fresh.

58. Counterclaim-Defendants' conduct alleged herein constitutes, among other things, false designation of origin, which is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association or approval of the services of Evolution Fresh.

59. Counterclaim-Defendants' conduct constitutes service mark infringement and unfair competition in violation of Section 1125(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. Unless enjoined, Counterclaim-Defendants will continue their infringing conduct.

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

21

Case No. 3:12-cv-2003-JAH (WVG)

61.     As a direct and proximate result of Counterclaim-Defendants' infringing conduct, Evolution Fresh will suffer irreparable injury to its business reputation and goodwill for which no adequate remedy exists at law.

62.     Counterclaim-Defendants' complained-of conduct is knowing, willful, and deliberate, entitling Counterclaim-Plaintiffs to an accounting of Counterclaim-Defendants' profits, increased damages, and an award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

## **THIRD CAUSE OF ACTION**

### Cybersquatting in Violation of 15 U.S.C. § 1125(d)

63.     Counterclaim-Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

64.     Counterclaim-Defendants' *www.evolutionfastfood.com* domain name is confusingly similar to Evolution Fresh's EVOLUTION and EVOLUTION FRESH Marks and, except for the replacement of the word FRESH for the descriptive words FAST FOOD, is identical to Evolution Fresh's *www.evolutionfresh.com* domain name, which Evolution Fresh registered and used long before Counterclaim-Defendants registered or used the *www.evolutionfastfood.com* domain name.

65.     Counterclaim-Defendants have registered, trafficked in, used, and/or are using the *www.evolutionfastfood.com* domain name with the bad faith intent to profit from Evolution Fresh's EVOLUTION and EVOLUTION FRESH Marks.  In particular, upon information and belief, Counterclaim-Defendants have registered and used the *www.evolutionfastfood.com* domain name in order to divert consumers from Evolution Fresh's website in a way that could harm the goodwill represented by the EVOLUTION and EVOLUTION FRESH Marks for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website.  In addition, Counterclaim-Defendants are using a domain name that is nearly identical to Evolution Fresh's domain name, and confusingly similar to Evolution Fresh's trade name and trademarks, to operate a website that advertises, offers, and purports to render directly competing services.

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

Case No. 3:12-cv-2003-JAH (WVG)

66.     Counterclaim-Defendants' actions constitute a violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).  Counterclaim-Plaintiffs have been, are now, and will be harmed irreparably by Counterclaim-Defendants' conduct alleged herein, and, unless enjoined by the Court, Counterclaim-Defendants' unauthorized use of the *www.evolutionfastfood.com* domain name will continue, and there is no adequate remedy at law for the harm caused by the acts alleged herein.

## FOURTH CAUSE OF ACTION

Unfair Unlawful and Deceptive Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

67.     Counterclaim-Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

68.     Counterclaim-Defendants' business practices alleged herein are unfair and offend public policy as they are unlawful, unfair, unscrupulous, and substantially injurious to Evolution Fresh and consumers.

69.     Counterclaim-Defendants' conduct alleged herein constitutes unfair competition and unfair business practices in violation of the Section 17200 *et seq.* of California's Business & Professions Code, prohibiting unfair, unlawful and deceptive business acts.

70.     Counterclaim-Plaintiffs are entitled to enjoin these practices under California's Business and Professions Code § 17203.

71.     Without injunctive relief, Counterclaim-Plaintiffs have no means by which to control Counterclaim-Defendants' deceptive and confusing use and advertising of its mark. Counterclaim-Plaintiffs are entitled to injunctive relief prohibiting Counterclaim-Defendants from continuing such acts of unfair competition, and appropriate restitution remedies, under Section 17203 of California's Business and Professions Code.

## FIFTH CAUSE OF ACTION

Service Mark Infringement in Violation of California's Common Law

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

Case No. 3:12-cv-2003-JAH (WVG)

72.     Counterclaim-Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

73.     Counterclaim-Defendants' continued, unauthorized use of the EVOLUTION FAST FOOD service mark and trade name in interstate commerce in connection with the advertising, offering, and rendering of their café and restaurant services is likely to cause confusion, and mistake, and/or deception as to the affiliation, connection or association of Counterclaim-Defendants and Evolution Fresh, and/or as to the origin, sponsorship, or approval of Counterclaim-Defendants' services by Evolution Fresh.  Counterclaim-Defendants' conduct has caused, and will continue to cause, irreparable harm to Counterclaim-Plaintiffs.

## SIXTH CAUSE OF ACTION

### Unfair Competition in Violation of California's Common Law

74.     Counterclaim-Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

75.     Counterclaim-Defendants' complained-of conduct constitutes unfair competition under California's common law.  Counterclaim-Defendants' conduct has resulted in the "passing off" of their goods and services as the goods and services of Evolution Fresh, or as somehow related or associated with, or sponsored or endorsed by, Evolution Fresh.

76.     By reason of Counterclaim-Defendants' complained-of conduct, Counterclaim-Plaintiffs have suffered and are suffering actual, permanent, and irreparable injury, the extent of which is presently not known, and Counterclaim-Plaintiffs will continue to suffer damage and irreparable injury unless Counterclaim-Defendants are enjoined permanently from the use of the EVOLUTION FAST FOOD service mark and trade name.

77.     As alleged herein, Counterclaim-Defendants' continued, unauthorized use of the EVOLUTION FAST FOOD service mark and trade name is willful, with knowledge of the likelihood of confusion between it and Evolution Fresh's EVOLUTION and EVOLUTION FRESH Marks.  Therefore, Counterclaim-Plaintiffs are entitled to recover punitive damages under Section 3294 of California's Civil Code.

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

24

Case No. 3:12-cv-2003-JAH (WVG)

## **SEVENTH CAUSE OF ACTION**

### Unjust Enrichment

78. Counterclaim-Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

79. Counterclaim-Defendants have received the benefits of Evolution Fresh's EVOLUTION and EVOLUTION FRESH Marks without compensating Evolution Fresh for such benefits.

80. Counterclaim-Defendants have received such benefits unfairly.

81. By reason of the foregoing, Counterclaim-Defendants unjustly were enriched, and continue to be enriched unjustly, in an unknown amount, and Counterclaim-Plaintiffs are entitled to restitution.

## **PRAYER FOR RELIEF**

**WHEREFORE**, in consideration of the foregoing, Counterclaim-Plaintiffs respectfully request that the Court enter an Order granting the following relief:

a) For judgment that the EVOLUTION and EVOLUTION FRESH Marks have been and will continue to be infringed by Counterclaim-Defendants' use of the EVOLUTION FAST FOOD service mark and trade name in violation of 15 U.S.C. §§ 1114(1) and 1125(a) and California's common law;

b) For judgment that Counterclaim-Defendants have competed unfairly with Counterclaim-Plaintiffs in violation of 15 U.S.C. § 1125(a);

c) For judgment that Counterclaim-Defendants have committed cybersquatting in violation of 15 U.S.C. § 1125(d);

d) For judgment that Counterclaim-Defendants' acts offend public policy and are unlawful, unfair, and unscrupulous and substantially injurious to Counterclaim-Plaintiffs and its customers in violation of §§ 17200 *et seq.* of California's Business and Professions Code;

e) For judgment that Counterclaim-Defendants have competed unfairly with Counterclaim-Plaintiffs in violation of California's common law;

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

Case No. 3:12-cv-2003-JAH (WVG)

1    f)    Permanently enjoining Counterclaim-Defendants from using the EVOLUTION

2 FAST FOOD service mark or trade name, or any other word, words, phrases, symbols, logos, or

3 combination of words or symbols that would create a likelihood of confusion, mistake and/or

4 deception with the EVOLUTION and EVOLUTION FRESH Marks, in connection with café and

5 restaurant services;

6    g)    Permanently enjoining Counterclaim-Defendants from otherwise infringing the

7 EVOLUTION and EVOLUTION FRESH Marks and/or engaging in further such unlawful acts

8 and from reaping any additional commercial advantage from the misappropriation of the rights of

9 Evolution Fresh in the EVOLUTION and EVOLUTION FRESH Marks;

10    h)    Ordering Counterclaim-Defendants to recall all material containing the

11 EVOLUTION FAST FOOD service mark and trade name, or any other word, words, phrases,

12 symbols, logos, or combination of words or symbols that would create a likelihood of confusion,

13 mistake and/or deception with the EVOLUTION and EVOLUTION FRESH Marks, in connection

14 with café and restaurant services;

15    i)    Requiring Counterclaim-Defendants to destroy, at their sole and exclusive cost, all

16 materials in their possession or under their control that bear the EVOLUTION FAST FOOD

17 service mark and trade name or any other word, words, phrases, symbols, logos, or combination of

18 words or symbols that would create a likelihood of confusion, mistake and/or deception with the

19 EVOLUTION and EVOLUTION FRESH Marks, in connection with café and restaurant services;

20    j)    Declaring, adjudging, and decreeing that Evolution Fresh is the sole legal and

21 equitable owner of the *www.evolutionfastfood.com* domain name and ordering Counterclaim-

22 Defendants to transfer ownership of the *www.evolutionfastfood.com* domain name to Evolution

23 Fresh;

24    k)    For all actual damages sustained by Counterclaim-Plaintiffs as the result of

25 Counterclaim-Defendants' acts of infringement, together with prejudgment interest, according to

26 proof, under 15 U.S.C. § 1117;

27

28

l)      For an accounting of Counterclaim-Defendants' profits resulting from their acts of infringement under 15 U.S.C. § 1117;

m)      Such damages and profits to be trebled and awarded to Counterclaim-Plaintiffs under 15 U.S.C. § 1117 on the grounds that Counterclaim-Defendants' continued acts of infringement have been willful, deliberate, and in bad faith;

n)      The Court exercise its power under 15 U.S.C. § 1119, to order the Commissioner of Patents and Trademarks to cancel the registration of Counterclaim-Defendants' U.S. Trademark Registration No. 3,957,413 for EVOLUTION FAST FOOD.

o)      For an award of attorneys' fees under 15 U.S.C. § 1117 or as otherwise permitted by law;

p)      For Counterclaim-Plaintiffs' costs of suit, including its reasonable litigation expenses, under 15 U.S.C. § 1117;

q)      Counterclaim-Defendants be ordered to pay Counterclaim-Plaintiffs damages for common law service mark infringement, unjust enrichment, and unfair competition under California's common law;

r)      Counterclaim-Defendants be ordered to pay Counterclaim-Plaintiffs damages for unfair, unlawful, and deceptive business practices in violation of §§ 17200 *et seq.* of California's Business and Professions Code;

s)      Counterclaim-Defendants be directed to file with the Court and serve on Counterclaim-Plaintiffs within thirty (30) days after service of such injunction, a written report under 15 U.S.C. § 1116 setting forth in detail the manner and form in which Counterclaim-Defendants have complied with the injunction; and

t)      Granting Counterclaim-Plaintiffs such additional, other, or further relief as the Court deems just and proper.

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

Case No. 3:12-cv-2003-JAH (WVG)

## DEMAND FOR JURY TRIAL

Counterclaim-Plaintiffs demand a trial by jury on all issues so triable.

Dated: December 27, 2012

FISH & RICHARDSON P.C.

By: /s/ Lisa M. Martens
Lisa M. Martens
martens@fr.com

Attorneys for Defendants and Counterclaim-Plaintiffs EVOLUTION FRESH, INC. and STARBUCKS CORPORATION

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

28

Case No. 3:12-cv-2003-JAH (WVG)

## Table of Contents

Exhibit 1……………………………………………..…………………………Page 29

Exhibit 2……………………………………………..…………………………Page 32

Exhibit 3……………………………………………...…………………………Page 37

Exhibit 4……………………………………………...…………………………Page 44

Exhibit 5……………………………………………..…………………………Page 45

Exhibit 6……………………………………………...…………………………Page 47

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

Case No. 3:12-cv-2003-JAH (WVG)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of **ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, CONTRIBUTORY INFRINGEMENT, AND UNFAIR COMPETITION; COUNTERCLAIMS** has been served on December 27, 2012 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ LR 5.4(d).

/s/ *Lisa M. Martens*
Lisa M. Martens

ANSWER AND DEFENSES TO FIRST AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND UNFAIR
COMPETITION; COUNTERCLAIMS

Case No. 3:12-cv-2003-JAH (WVG)